NO. 07-06-0473-CV 

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 8, 2007

______________________________

LEE Y. COCKRELL, GUARDIAN OF THE PERSON AND ESTATE OF

 ALICE B. INGRUM GRAY, AN INCAPACITATED PERSON, APPELLANT

V.

GENE O. “BUDDY” COCKRELL, APPELLEES

_________________________________

FROM THE
 31ST DISTRICT COURT OF GRAY COUNTY;

NO. 33,395-A; HONORABLE STEVEN R. EMMERT, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Pending before this Court is 
Appellant’s Motion to Dismiss
 in which, Lee Y. Cockrell, Guardian of the Person and Estate of Alice B. Ingrum Gray, an Incapacitated Person, represents that pursuant to a settlement agreement, he no longer wishes to pursue this appeal.  Cockrell also represents that all disputes between the parties have been settled and requests dismissal with prejudice.  

Without passing on the merits of the case, pursuant to Rule 42.1(a)(1) of the Texas Rules of Appellate Procedure, we grant the motion and dismiss the appeal with prejudice.  Having dismissed the appeal at Cockrell’s request, no motion for rehearing will be entertained and our mandate will issue forthwith.

Patrick A. Pirtle

      Justice

be authorized.  However, on October 10, 2005, a fourth extension request was filed by the reporter for an additional 30 days, stating she was getting help with this case and “should” not need any further extensions.

Accordingly, we abate this appeal and remand the cause to the 140th District Court of Lubbock County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.   why the reporter’s record has not been filed; 

when the reporter’s record can reasonably be filed in a manner that does not have the practical effect of depriving the appellant of his right to appeal or delaying the resolution of this appeal. 

The trial court shall cause the hearing to be transcribed.  So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk’s record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be developed a reporter’s record transcribing the evidence and arguments presented at the aforementioned hearing.  Additionally, the district court shall then file the supplemental record and reporter’s record transcribing the hearing with the clerk of this court on or before November 10, 2005.  Should further time be needed by the trial court to perform these tasks, then same must be requested before November 10, 2005.

It is so ordered.

Per Curiam

Do not publish.